The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, Arkansas 72173-9335
Dear Representative Scroggin:
I am writing in response to your request for an opinion on the following two questions:
 1. Can a member of a county library board sell books to the library he/she serves?
2. If so, which statutes need to be followed?
RESPONSE
In my opinion a member of a county library board cannot sell books to the library he or she serves unless an ordinance authorizing such action has been passed by the quorum court pursuant to A.C.A. § 14-14-1202
(c)(2)(A).
Although you have not indicated, I assume that the county library board to which you refer was created pursuant to A.C.A. § 13-2-401 or as a county advisory or administrative board under A.C.A. § 14-14-705. See
A.C.A. § 13-2-401(d)(1). In my opinion, such board members are subject to the restrictions of A.C.A. § 14-14-1202. See A.C.A. §14-14-1202(b)(1)(C). That statute provides in pertinent part as follows:
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
* * *
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. If, in the purchase of any materials, supplies, equipment, or machinery for the county, any discounts, credits, or allowances are given or allowed, they shall be for the benefit of the county. It shall be unlawful for any officer or employee to accept or retain them for his own use or benefit[.]
(Emphasis added).
This provision was originally enacted in 1977 as a part of the "County Government Code." The original language was later amended by Acts 1989, Nos. 352 and 681, to permit officers and employees of the county to conduct business with the county. The following language now appears at subsection (c)(2) of A.C.A. § 14-14-1202:
 (2)(A) If the quorum court determines that it is in the best interest of the county, the quorum court may by ordinance permit the county to purchase goods or services directly or indirectly from quorum court members, county officers, or county employees due to unusual circumstances. The ordinance permitting such purchases must specifically define the unusual circumstances under which such purchases are allowed and the limitations of such authority.
 (B) Any quorum court member having any interest in the goods or services being considered under these procedures shall not be entitled to vote upon the approval of such goods or services.
 (C)If goods or services are purchased under these procedures, the county judge must file an affidavit with the county clerk certifying that each disbursement has been made in accordance with the provisions of the ordinance, together with a copy of the voucher and other documents supporting the disbursement.
In my opinion, therefore, the county library board member you describe is prohibited from selling books to the library he or she serves unless the quorum court has enacted an ordinance permitting that activity pursuant to A.C.A. § 14-14-1202.[1]
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Section 14-14-705(2)(B) of the Arkansas Code (which pertains to county administrative boards), prohibits any member of such a board from being interested in any contract made with the board. There is no exception in this statute for contracts authorized by county ordinance. In my opinion, however, because A.C.A. § 14-14-705 was adopted in 1977 and the exception in A.C.A. § 14-14-1202(c)(2)(A) was adopted in 1989 (and amends a statute applying to county administrative board members), it is my opinion that the exception language of A.C.A. § 14-14-1202
(c)(2)(A) also permits county administrative board members to conduct business with the county if the relevant ordinance has been passed.